# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### ELKINS DIVISION

**GINA FULK**

> **Plaintiff**

**Vs.**

Civil Action No.: **2:19-cv-48** (Kleeh)

**MILTON T. FLOYD,**
**FERRARO FOODS TRANSPORT CORP., and**
**FERRARO FOODS INC.,**

> **Defendants.**

ELECTRONICALLY FILED
Dec 10 2019
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

### PRELIMINARY STATEMENT

1. On December 12, 2017, Gina Fulk was traveling north on Patterson Creek Road in or near Arthur, Grant County, West Virginia. At that time, a tractor-trailer owned by Ferraro Foods, Inc., and operated by Milton T. Floyd was traveling south on Patterson Creek Road in or near Arthur, Grant County, West Virginia, when Mr. Floyd lost control of the tractor trailer he was operating, causing it to jack-knife across the road way and collide with Ms. Fulk's vehicle. As a result of the collision, Ms. Fulk sustained multiple injuries to her person which continue to require treatment.

### JURISDICTIONAL STATEMENT

2. This is a motor vehicle personal injury action. Jurisdiction is appropriate in this Court as the amount in controversy is likely to exceed $75,000.00, and there is diversity of citizenship among the parties.

### PARTIES

**MANCHIN INJURY LAW GROUP PLLC**

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

3.      Plaintiff Gina Fulk (hereinafter sometimes referred to as "Plaintiff") is a resident and citizen of Petersburg, Grant County, West Virginia.

4.      Defendant Milton T. Floyd (hereinafter sometimes referred to as "Defendant Floyd) is, upon information and belief, a resident and citizen of Plainfield, Union County, New Jersey.

5.      Defendant Ferraro Foods Transport Corp. (hereinafter sometimes referred to as "Defendant Transport") upon information and belief, is a foreign corporation organized under the laws of the State of Delaware with its principle place of business located at 287 S Randolphville Rd, Suite 2, Piscataway, New Jersey.

6.      Defendant Ferraro Foods, Inc., (hereinafter sometimes referred to as "Defendant Ferraro") upon information and belief, is a foreign corporation organized under the laws of the State of New Jersey with its principle place of business located at 287 S. Randolphville Road, Piscataway, New Jersey.

7.      Defendant Transport and Defendant Ferraro are sometimes collectively referred to as the "Ferraro Defendants" throughout this civil action.

8.      At all times relevant to this action, the Ferraro Defendants were engaged in the business of hauling commercial goods over roadways throughout West Virginia.

9.      At all times relevant to this action, Defendant Floyd upon information and belief, was employed by the Ferraro Defendants and was acting within his scope of employment as an operator and driver of a commercial motor vehicle.

10.     At all times relevant hereto, Defendant Floyd was acting with apparent and/or actual authority in furtherance of the Ferraro Defendants' interests.

11.     The Ferraro Defendants are responsible for Defendant Floyd's negligent operation of the Ferraro Defendants' commercial motor vehicle at all times mentioned herein under the principles of respondent superior and/or master/servant relationship.

## FACTS

12.     Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 11 as though fully set forth herein.

13.     Plaintiff Gina Fulk was, at all times hereinafter mentioned, the owner and restrained driver of a 2015 Ford Escape.

14.     Upon information and belief, at all times hereinafter mentioned, the Ferraro Defendants owned the 2017 Freightliner commercial motor vehicle which Defendant Floyd was driving when it was involved in a collision with Plaintiff's vehicle.

15.     On or about December 12, 2017, Plaintiff was traveling North on Patterson Creek Road, in or near Arthur, Grant County, West Virginia.

16.     At said date and time, Defendant Floyd was traveling South on Patterson Creek Road, in or near Arthur, Grant County, West Virginia, when he lost control of his vehicle, crossed the center-line of the roadway and collided with Plaintiff's vehicle, pushing it off of the east roadway edge.

17.     As a result of the collision, Defendant Floyd was cited by the State Police investigating officer for driving too fast for the conditions.

### COUNT I
### Negligence

18.     Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through17 as though fully set forth herein.

19.     As a licensed driver of a commercial vehicle, Defendant Floyd retained a duty to keep and maintain a proper lookout for other vehicles on the road.

20.     As a licensed driver of a commercial vehicle, Defendant Floyd retained a duty to exercise reasonable care while operating his vehicle.

**MANCHIN INJURY LAW GROUP** PLLC

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

21.     As a licensed driver of a commercial vehicle, Defendant Floyd retained a duty to operate his vehicle in a safe and careful manner so as to prevent injury or harm to others.

22.     As a licensed driver of a commercial vehicle, Defendant Floyd  retained a duty to maintain control of his vehicle so as to prevent injury or harm to others.

23.     As a licensed driver of a commercial vehicle, Defendant Floyd retained a duty to travel at a speed that was safe and reasonable for the conditions.

24.     As a licensed driver of a commercial vehicle, Defendant Floyd  retained a duty to operate the commercial motor vehicle when he was not fatigued.

25.     As a licensed driver and operator of a commercial motor vehicle, Defendant Floyd was prohibited from driving more than eleven consecutive hours during any fourteen hour time period.

26.     As a licensed driver and operator of a commercial motor vehicle, Defendant Floyd retained a duty to abide by the laws of the United States of America and its subsequent regulations promulgated by the United States Department of Transportation.

27.     On the date of Plaintiff's injuries, Defendant Floyd disregarded his duty to keep and maintain a proper lookout for other vehicles on the road.

28.     On the date of Plaintiff's injuries, Defendant Floyd disregarded his duty to exercise reasonable care while operating his vehicle.

29.     On the date of Plaintiff's injuries, Defendant Floyd disregarded his duty to operate his vehicle in a safe and careful manner.

30.     On the date of Plaintiff's injuries, Defendant Floyd disregarded his duty to maintain control of his vehicle.

31. On the date of Plaintiff's injuries, Defendant Floyd disregarded his duty to travel at a speed that was safe and reasonable for the conditions.

32. On the date of Plaintiff's injuries, Defendant Floyd, upon information and belief, disregarded his duty to operate the commercial motor vehicle when he was not fatigued.

33. On the date of Plaintiff's injuries, Defendant Floyd, upon information and belief, disregarded the prohibition on driving more than eleven consecutive hours during any fourteen hour time period.

34. On the date of Plaintiff's injuries, Defendant Floyd, upon information and belief, disregarded his duty to abide by the laws of the United States of America and its subsequent regulations promulgated by the United States Department of Transportation.

35. Defendant's actions, as set forth in paragraphs 27 through 34 were negligent.

### COUNT II
### Negligent Hiring, Training, Supervision, and Retention
### (Ferraro Defendants)

36. Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 35 as through fully set forth herein.

37. The Ferraro Defendants had a duty of care in the hiring, training, supervision, and retention of its employees.

38. The Ferraro Defendants had a further duty of care to investigate the background of its employees, especially in light of the particular risk or hazard that the breach of duty poses to other persons such as Plaintiff.

39. The Ferraro Defendants, upon information and belief, breached its duty in that, among other things, it (1) knew or had reason to know that Defendant Floyd was

**MANCHIN INJURY LAW GROUP PLLC**

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

5

incompetent and an unfit employee; (2) knew or had reason to know that Defendant Floyd was not properly trained to safely operate a commercial motor vehicle; (3) knew or had reason to know that Defendant Floyd had a criminal history; or, (4) knew or had reason to know that Defendant Floyd was not properly trained in compliance with Federal, State, and Local safety/trucking standards regulations, codes, laws, and ordinances, including, but not limited to, the Federal Motor Carrier Safety Regulations.

40.     Despite the foregoing, the Ferraro Defendants, negligently, permitted Defendant Floyd to operate one of its commercial vehicles in the course and scope of his employment with the Ferraro Defendants.

## COUNT III
### Negligence Per Se – Violation of 49 C.F.R. §383.31

41.     Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 40 as though fully set forth herein.

42.     Plaintiff incorporates by reference 49 C.F.R. § 383.31 (Notification of Convictions for Driver Violations).

43.     49 C.F.R. § 383.31 (Notification of Convictions for Driver Violations) requires a commercial motor vehicle operator to notify the jurisdiction that issued his commercial driver's license and his employer of any convictions of motor vehicle traffic control laws. This regulation ensures that commercial motor vehicle operators are qualified to legally and safely operate a commercial motor vehicle and was enacted to allow the jurisdiction which issued the commercial driver's license and/or the commercial motor vehicle operator's employer to suspend, restrict, or revoke the privilege to operate a commercial motor vehicle.

44. Plaintiff was a member of the class, persons on public roadways, that 49 C.F.R. § 383.31 (Notification of Convictions for Driver Violations) was intended to protect.

45. Upon information and belief, Defendant Floyd failed to notify the jurisdiction that issued his commercial driver's license and/or his employer, Defendant Floyd, that he sustained convictions of motor vehicle traffic control laws.

46. On or about December 12, 2017, Defendant Floyd operated the Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with the Ferraro Defendants, without, upon information and belief, notifying the jurisdiction that issued his commercial driver's licenses and/or his employer, the Ferraro Defendants, that he sustained convictions of motor vehicle traffic control laws and caused said vehicle to strike Plaintiff's vehicle, proximately causing the type of injuries that 49 C.F.R. § 383.31 was intended to protect against.

## COUNT IV
### Negligence Per Se – Violation of 49 C.F.R. §383.71

47. Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff incorporates by reference 49 C.F.R. §383.71 (Driver Application procedures).

49. 49 C.F.R. §383.71 (driver Application Procedure) requires an applicant for a commercial driver's license to, among other things, pass a knowledge test, pass a driving test, and certify that the applicant is not subject to suspension and that the applicant does not have a driver's license from more than one jurisdiction. This regulation ensures that commercial motor vehicle operators are qualified to legally and safely operate a commercial motor vehicle.

50.     Plaintiff, an operator of a motor vehicle, was a protected member of the class, persons on public roadways, that 49 C.F.R.§383.71 (Driver Application Procedures) was intended to protect.

51.     Upon information and belief, Defendant Floyd did not pass a knowledge test and/or a driving skills test.

52.     Upon information and belief, the Ferraro Defendants were aware of the aforementioned facts of Paragraph 51.

53.     Upon information and belief, on or about December 12, 2017, Defendant Floyd operated and the Ferraro Defendants allowed Defendant Floyd to operate the Ferraro Defendant's commercial motor vehicle, in the course and scope of his employment with the Ferraro Defendants, with knowledge that Defendant Floyd did not pass a knowledge test and/or a driving skills test.

54.     Defendant Floyd's operation of said vehicle caused it to strike Plaintiff's vehicle, proximately causing the type of injuries that 49 C.F.R. § 383.72 (Driver Application Procedures) was intended to protect against.

## COUNT V
### Negligence Per Se – Violation of 49 C.F.R. § 383.111

55.     Plaintiff incorporates herein and make a part hereof Paragraphs 1 through 54 as though fully set forth herein.

56.     Plaintiff incorporates by reference 49 C.F.R. § 383.111 (Required Knowledge).

57.     49 C.F.R. § 383.111 (Required Knowledge) requires an operator of a commercial motor vehicle to know, among other things, the procedure for safe vehicle operations, the effects of fatigue, safe vehicle control, basic control, visual search, speed management, space management, extreme driving conditions, hazard perceptions, and

emergency maneuvers. This regulation ensures that commercial motor vehicle operators are qualified to safely operate a commercial motor vehicle.

58. Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 383.111 (Required Knowledge) was intended to protect.

59. Upon information and belief, o or about December 12, 2017, Defendant Floyd operated and Defendant Ferraro allowed Defendant Floyd to operate the Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with knowledge that Defendant Floyd did not possess the required knowledge to safely operate a commercial motor vehicle.

60. Defendant Floyd's operation of said vehicle caused it to strike Plaintiff's vehicle, proximately causing the type of injuries that 49 C.F.R. § 383.111 (Required Knowledge) was intended to protect against.

## COUNT VI
### Negligence Per Se – Violation of 49 C.F.R. § 383.113

61. Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiff incorporates by reference 49 C.F.R. § 383.113 (Required Skills).

63. 49 C.F.R. § 383.113 (Required Skills) requires an operator of a commercial motor vehicle to possess and demonstrate basic vehicle control skills, safe driving skills, and air brake skills. This regulation ensures that commercial motor vehicle operators are qualified to safely operate a commercial motor vehicle.

MANCHIN INJURY
LAW GROUP PLLC

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

64.     Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 383.113 (Required Skills) was intended to protect.

65.     Upon information and belief, on or about December 12, 2017, Defendant Floyd operated and Defendant Ferraro allowed Defendant Floyd to operate the Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with knowledge that Defendant Floyd did not possess the required skills to safely operate a commercial motor vehicle.

66.     Defendant Floyd's operation of said vehicle caused it to strike Plaintiff's vehicle, proximately causing the type of injuries that 49 C.F.R. § 383.113 (Required Skills) was intended to protect against.

## COUNT VII
### Negligence Per Se – Violation of 49 C.F.R. § 385.5

67.     Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 66 as though fully set forth herein.

68.     Plaintiff incorporates by reference 49 C.F.R. § 385.5 (Safety Fitness Standard).

69.     49 C.F.R. § 385.5 (Safety Fitness Standard) requires a commercial motor vehicle employer to comply with the safety fitness standard for motor carriers, which requires the motor carrier to demonstrate adequate safety management controls to ensure acceptable compliance with applicable safety requirements to reduce the risk associated with, among other things, commercial driver's license standard violations, the use of unqualified drivers, improper use and driving of motor vehicles, failure to maintain accident register and copies of accident reports, the use of fatigued drivers,

**MANCHIN INJURY
LAW GROUP** PLLC

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

and motor vehicle collisions.  This regulation ensures that commercial motor vehicle carriers are qualified to legally and safely operate commercial motor vehicle operations.

70.    Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 385.5 (Safety Fitness Standard) was intended to protect.

71.    On or about December 12, 2017, Defendant Floyd operated and Defendant Ferraro allowed Defendant Floyd to operate The Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with knowledge that Defendant Ferraro was not in compliance with the safey fitness standard.

72.    Defendant Floyd's operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 385.5 (Safety Fitness Standard) was intended to protect against.

### COUNT VIII
### Negligence Per Se – Violation of 49 C.F.R. § 391.21

73.    Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 72 as though fully set forth herein.

74.    Plaintiff incorporates by reference 49 C.F.R. § 391.21 (Application for Employment).

75.    49 C.F.R. § 391.21 (Application for Employment) requires a motor carrier to provide a sufficient application for employment and an applicant for employment as a commercial motor driver to sufficiently fill out the application, which among other things, requires valid information about identification, past driving record, past employers, past accidents, past experience, and past suspensions.  This regulation

**MANCHIN INJURY LAW GROUP PLLC**

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

11

ensures that commercial motor carriers employ commercial motor vehicle operators that are qualified to legally and safely operate a commercial motor vehicle.

76.     Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 391.21 (Applicant for Employment) was intended to protect.

77.     Upon information and belief, Defendant Ferraro did not provide a sufficient application and/or Defendant Floyd did not provide sufficient information on the application.

78.     On or about December 12, 2017, Defendant Floyd operated and Defendant Ferraro allowed Defendant Floyd to operate The Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with, upon information and belief, knowledge that Defendant Floyd was not provided a sufficient employment application and Defendant Floyd did not sufficiently fill out the employment application.

79.     Defendant Floyd's operation of said vehicle caused it to strike Plaintiff's vehicle, proximately causing the type of injuries that 49 C.F.R. § 391.21 (Application for Employment) was intended to protect against.

## COUNT IX
### Negligence Per Se – Violation of 49 C.F.R. § 391.23

80.     Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 79 as though fully set forth herein.

81.     Plaintiff incorporates by reference 49 C.F.R. § 391.23 (Investigation and Inquiries).

82.     49 C.F.R. § 391.23 (Investigation and Inquiries) requires a motor carrier to perform a sufficient inquiry and investigation into the background of each

**MANCHIN INJURY LAW GROUP PLLC**

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

commercial vehicle driver it employs, which includes, among other things, information about identification, past driving record, past employers, past accidents, past experience, and past suspensions. This regulation ensures that commercial motor carriers employ commercial motor vehicle operators that are qualified to legally and safely operate a commercial motor vehicle.

83.     Plaintiff, an operator of a motor vehicle, was a member of the class of persons on public roadways, that 49 C.F.R. § 391.23 (Investigation and Inquiries) was intended to protect against.

84.     Plaintiff is informed and believed, and on the basis of that information and belief allege, that Defendant Ferraro did not perform a sufficient inquiry and investigation into the background of Defendant Floyd.

85.     Upon information and belief, on or about December 12, 2017, Defendant Floyd operated and Defendant Ferraro allowed Defendant Floyd to operate The Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with knowledge that Defendant Ferraro did not perform a sufficient inquiry and investigation into the background of Defendant Floyd. Defendant Floyd's operation of said vehicle caused it to strike Plaintiffs vehicle, proximately causing the type of injuries that 49 C.F.R. § 391.23 (Investigation and Inquiries) was intended to protect against.

### COUNT X
### Negligence Per Se – Violation of 49 C.F.R. § 391.25

86.     Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 85 as though fully set forth herein.

87.     Plaintiff incorporates by reference 49 C.F.R. § 391.25 (Annual Inquiry and Review of Driving Record).

**MANCHIN INJURY LAW GROUP** PLLC

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

88.     49 C.F.R. § 391.25 (Annual Inquiry and Review of Driving Record) requires a motor carrier to perform an annual inquiry and investigation into the driving record of each commercial motor vehicle driver it employs, which includes each jurisdiction where the commercial motor vehicle driver has a commercial driver's license.  This regulation ensures that commercial motor carriers employ commercial motor vehicle operators that are qualified to legally and safely operate a commercial motor-vehicle.

89.     Plaintiff, an operator of a motor vehicle, were members of the class, persons on public roadways, that 49 C.F.R. § 391.25 (Annual Inquiry and Review of Driving Record) was intended to protect.

90.     Upon information and belief, Defendant Ferraro did not perform an annual inquiry and investigation into the driving record of Defendant Floyd.

91.     Upon information and belief, on or about December 12, 2017, Defendant Floyd operated and Defendant Ferraro allowed Defendant Floyd to operate The Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with knowledge that Defendant Ferraro did not perform an annual inquiry and investigation into the driving record of Defendant Floyd.

92.     Defendant Floyd's operation of said vehicle caused it to strike Plaintiff's vehicle, proximately causing the type of injuries that 49 C.F.R. 391.25 (Annual Inquiry and Review of Driving Record) was intended to protect against.

### COUNT XI
### Negligence Per Se – Violation of 49 C.F.R. § 391.27

93.     Plaintiff incorporates herein and make a part hereof Paragraphs 1 through 92 as though fully set forth herein.

MANCHIN INJURY
LAW GROUP PLLC

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

14

94.     Plaintiff incorporates by reference 49 C.F.R. 391.27 (Record of Violations).

95.     49 C.F.R. § 391.27 (Record of Violations) requires a motor carrier to obtain, on an annual basis, a certificate of motor vehicle traffic law convictions from a commercial motor vehicle driver it employs.  This regulation ensures that commercial motor carriers employ commercial motor vehicle operators that are qualified to legally and safely operate a commercial motor vehicle.

96.     Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 391.27 (Record of Violations) was intended to protect.

97.     Upon information and belief, Defendant Ferraro did not obtain, on an annual basis, a certification of motor vehicle traffic law convictions from Defendant Floyd.

98.     Upon information and belief, on or about September 15, 2013, Defendant Floyd operated and Defendant Ferraro allowed Defendant Floyd to operate The Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with knowledge that Defendant Ferraro did not obtain, on an annual basis, a certification of motor vehicle traffic law convictions from Defendant Floyd.

99.     Defendant Floyd's operation of said vehicle caused it to strike Plaintiff's vehicle, proximately causing the type of injuries that 49 C.F.R. § 391.27 (Record of Violations) was intended to protect against.

## COUNT XI
### Negligence Per Se – Violation of 49 C.F.R. § 392.3

100.     Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 99 as though fully set forth herein.

101.     Plaintiff incorporates by reference 49 C.F.R. § 392.3 (Fatigued Operator).

102.     49 C.F.R. § 392.3 (Fatigued Operator) prevents an operator of a commercial motor vehicle and a motor carrier requiring or permitting a driver of a commercial motor vehicle from driving a commercial motor vehicle while the driver's ability or alertness are impaired or likely to become impaired due to fatigue.  This regulation ensures that commercial motor vehicle operators are qualified to legally and safely operate a commercial motor vehicle.

103.     Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 392.3 (Fatigued Operator) was intended to protect.

104.     Upon information and belief, on or about December 12, 2017, Defendant Floyd operated and Defendant Ferraro allowed Defendant Floyd to operate The Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with knowledge that Defendant Floyd's ability or alertness was impaired or likely to become impaired due to fatigue.

105.     Defendant Floyd's operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 392.3 (Fatigued Operator) was intended to protect against.

**MANCHIN INJURY
LAW GROUP PLLC**

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

## COUNT XII
### Negligence Per Se – Violation of 49 C.F.R. § 392.6

106.    Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 105 as though fully set forth herein.

107.    Plaintiff incorporates by reference 49 C.F.R. § 392.6 (Schedules to Conform with Speed Limits).

108.    49 C.F.R. 392.6 (Schedules to Conform with Speed Limits) prevents a motor carrier from scheduling a run or permitting the operation of a commercial motor vehicle in a manner that would necessitate the commercial motor vehicle being operated at speeds greater than prescribed by a jurisdiction.    This regulation ensures that commercial motor carriers safely operate commercial motor vehicles.

109.    Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 392.6 (Schedules to Conform with Speed Limits) was intended to protect.

110.    Upon information and belief, Defendant Ferraro scheduled a run or permitted the operation of a commercial motor vehicle by Defendant Floyd in a manner that would necessitate the commercial motor vehicle being operated at speeds greater than prescribed by the State of West Virginia.

111.    Upon information and belief, on or about December 12, 2017, Defendant Floyd, and the Ferraro Defendants allowed Defendant Floyd to operate the Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, with knowledge that Defendant Floyd needed to operate the commercial motor vehicle at a speed greater than prescribed by the State of West Virginia.

112.    Defendant Floyd's operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 392.6 (Schedules to Conform with Speed Limits) was intended to protect against.

## COUNT XIII
### Negligence Per Se – Violation of 49 C.F.R. § 392.14

113.    Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 112 as though fully set forth herein.

114.    Plaintiff incorporates by reference 49 C.F.R. § 392.14 (Hazardous Conditions Extreme Caution).

115.    49 C.F.R. § 392.14 (Hazardous Conditions Extreme Caution) requires an operator of a commercial motor vehicle to exercise extreme caution when hazardous conditions, such as rain, adversely affect visibility or traction including the reduction of speed and/or the discontinuation of operation.  This regulation ensures that commercial motor vehicle operators safely operate a commercial motor vehicle.

116.    Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 392.14 (Hazardous Conditions Extreme Caution) was intended to protect.

117.    On or about December 12, 2017, Defendant Floyd operated and the Ferraro Defendants allowed Defendant Floyd to operate the Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with the Ferraro Defendants, while hazardous conditions, including ice, adversely affected his visibility and traction.  Defendant Floyd failed to reduce his speed and/or discontinue his operation of said commercial motor vehicle.

**MANCHIN INJURY LAW GROUP** PLLC

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

118.    Defendant Floyd's operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 392.13 (Hazardous Conditions Extreme Caution) was intended to protect against.

## COUNT XIV
### Negligence Per Se – Violation of 49 C.F.R. § 395.3

119.    Plaintiff incorporates herein and makes a part hereof Paragraphs 1 through 118 as though fully set forth herein.

120.    Plaintiff incorporates by reference 49 C.F.R. § 395.3 (Maximum Driving Time for Property Carrying Vehicles).

121.    49 C.F.R. § 395.3 (Maximum Driving Time for Property Carrying Vehicles) prevents an operator of a commercial motor vehicle operating a commercial motor vehicle in excess of the maximum number of allowed hours.  This regulation ensures that commercial motor vehicle operators safely operate a commercial motor vehicle.

122.    Plaintiff, an operator of a motor vehicle, was a member of the class, persons on public roadways, that 49 C.F.R. § 395.3 (Maximum Driving Time for Property Carrying Vehicles) was intended to protect.

123.    Upon information and belief, on or about December 12, 2017, Defendant Floyd operated and the Ferraro Defendants allowed Defendant Floyd to operate the Ferraro Defendants' commercial motor vehicle, in the course and scope of his employment with Defendant Ferraro, upon information and belief, in excess of the maximum number of allowed hours.

124.    Defendant Floyd's operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 395.3 (Maximum Driving Time for Property Carrying Vehicles) was intended to protect against.

**MANCHIN INJURY LAW GROUP PLLC**

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

## COUNT XV

125.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 124 of this complaint as if set forth fully herein.

126.    The aforesaid actions by Defendants constitute gross, reckless, and wanton negligence towards the Plaintiff.

127.    Based upon Defendants' gross, reckless, and wanton negligence, Plaintiff is entitled to an award of punitive damages against Defendants, individually, and/or jointly and severally, in order to punish and deter such misconduct.

## DAMAGES

128.    Plaintiff incorporates herein and makes a part hereof paragraphs1 through 127 as through fully set forth herein.

129.    As a direct and proximate result of Defendants' negligence, individually and/or jointly and severally, Plaintiff suffered serious bodily injury.

130.    As a direct and proximate result of Defendants' negligence, individually and/or jointly and severally, Plaintiff has been forced to undergo various medical procedures including, but not necessarily limited to hospitalization, doctor visits, emergency medical treatment, radiological examinations, physical therapy, surgical consultations, and prescription medications.

131.    As a direct and proximate result of the Defendants' negligence, individually, and/or jointly and severally, as aforesaid, and the injuries suffered by the Plaintiff, as aforesaid, Plaintiff was caused to be sore and lame immediately and for a period of time and continuing to the present time and indefinitely into the future; and said Plaintiff has suffered pain of mind and body and will suffer pain of mind and body in the future; and her ability to enjoy life has been substantially reduced, and she has

**MANCHIN INJURY LAW GROUP PLLC**

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

been unable to go about her daily life and to engage in her normal activities in an ordinary manner.

132.   As a direct and proximate result of the Defendants' negligence, individually, and/or jointly and severally, as aforesaid, Plaintiff has incurred reasonable medical, hospital, and prescription medication charges, and she will be forced to incur additional such medical, hospital, and prescription medical charges in the future, in an amount presently indeterminable, and has incurred other necessary expenses.

133.   As a direct and proximate result of the defendants' negligence, individually, and/or jointly and severally, as aforesaid, Plaintiff has incurred reasonable travel expenses and she will be forced to incur additional travel expenses in the future in an amount presently indeterminable.

134.   As a direct and proximate result of Defendants' negligence, individually and/or jointly and severally, as aforesaid, Plaintiff has been prevented from working and transacting business, resulting in loss of income; and Plaintiff may be prevented from working and transacting business in the future and may suffer loss of wages and income in the future in a sum presently indeterminable.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Plaintiff demands judgment against Defendants in an amount that is fair and equitable to compensate them for injuries suffered as a result of this collision, plus pre- and post judgment interest, punitive damages, attorneys' fees and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY

**MANCHIN INJURY
LAW GROUP** PLLC

1543 FAIRMONT AVE.
FAIRMONT, WV 26554

Respectfully submitted,
**GINA FULK**
Plaintiff by Counsel,

Timothy J. Manchin
WV State Bar #2304
Taylor B. Downs
WV State Bar #11605
MANCHIN INJURY LAW GROUP, P.L.L.C.
Manchin Professional Building
1543 Fairmont Ave., Suite 203
Fairmont, WV 26554-2100
304-367-1862
**Counsel for Plaintiffs**

**MANCHIN INJURY
LAW GROUP PLLC**

1543 FAIRMONT AVE.
FAIRMONT, WV 26554